Zachary Nightingale (California Bar #184501)
Marc Van Der Hout (California Bar # 80778)
Avantika Shastri (California Bar #233453)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Petitioner
Preston MAGIYA

Scott N. Schools (S. Carolina Bar # 9990)
United States Attorney
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Respondent

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

| | |
|---|---|
| Preston MAGIYA<br><br>    Petitioner,<br><br>    v.<br><br>Alberto R. GONZALES<br><br>    Respondents. | Case No. 3:07-cv-2945 CRB<br><br>**PARTIES' JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Hearing Date:   October 5, 2007<br>Hearing Time:   1:30 p.m.<br>Courtroom:       8<br>Hon. Judge Charles R. Breyer |

The parties, after meeting and conferring as required, hereby submit their joint case management conference report statement and [proposed] order. See Fed. R. Civ. P. 16(c); Civil L.R. 16-9. The parties jointly request that this statement be accepted two days out of time as both parties were operating under the Court's initial order, and inadvertently failed to notice the order of September 5, 2007 regarding the filing of this statement:

1. **Jurisdiction and service**:
   a. This Court has jurisdiction over this matter pursuant to an order from the Ninth Circuit Court of Appeals, transferring this case to the district court for a determination of Petitioner's nationality under 8 U.S.C. § 1252(b)(5)(B). See Order, filed Mar. 29, 2007, in Magiya v. Gonzales, Case No. 05-70297.
   b. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Respondent is an employee of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in the San Francisco Immigration Court and in the San Francisco Bay Area, California, within the Northern District of California; and because there is no real property involved in this action. See 28 U.S.C. § 1391(e).
   c. No parties remain to be served.
2. **Facts**:
   a. The sole factual issue in dispute is Petitioner's nationality.
   b. Petitioner's brief description of the events underlying the action: Petitioner is a United States citizen based on birth in the United States. He was born at home and home-schooled throughout much of his life by his grandmother, who is now deceased. When he sought to obtain personal identification for the purposes of applying for community college, he found that he was unable to obtain identification documents in his own name without proof of his birth. Thus, he initially used the identity document of another (which happened to be a British passport) to obtain identification for himself. The State of California also issued two delayed birth certificates to him, based on evidence of his birth submitted by

family members, with whom he was then in contact. These certificates were later sealed. As shown by the prior immigration proceedings, the government has never shown that Petitioner was not born in the United States or of a different nationality, only that he used documents that were not in his own name.

    c. <u>Respondent's brief description of the events underlying the action</u>: <u>Petitioner's nationality claim is based on two delayed birth certificates issued by the State of California in 1988 and 1991</u>. Respondent intends to show that those certificates were issued based on fraudulent documents and, through additional evidence, that petitioner was not born in the United States and is not a citizen of the United States.

3. **Legal issues**:
   a. The only legal issue in this case is Petitioner's nationality pursuant to determination by this Court under 8 U.S.C. § 1252(b)(5)(B).

4. **Motions**:
   a. There have been no motions filed since the commencement of this action.
   b. The parties do not anticipate filing any motions at this time.

5. **Amendment of Pleadings**:
   a. Because this case was transferred from the Ninth Circuit Court of Appeals, there have not been any pleadings taken in this case.
   b. The parties do not intend to add any claims beyond those identified by the Ninth Circuit Court of Appeals.

6. **Evidence preservation**:
   a. The parties have taken all reasonable steps to preserve the evidence in this case.

7. **Disclosures pursuant to Federal Rule of Civil Procedure 26:**
   a. Petitioner made his initial disclosures to Respondent on September 12, 2007. Petitioner both listed and submitted a copy of the evidence that he intends to use in support of his case at this time.
   b. Respondent made his initial disclosures to Petitioner on September 24, 2007 and

will amend them as further evidence is secured.

8. **Discovery:**
   a. No discovery has been taken to date.
   b. At the present time, Petitioner intends to rely on the evidence previously presented in his Immigration Court hearings as evidence in this case. However, he reserves the right to propound requests for admissions, interrogatories, production of documents, if necessary. Petitioner does not intend to call any expert witness.
   c. Respondent intends to conduct requests for admissions, requests for production, interrogatories and depositions of Petitioner and the affiants on his delayed birth certificates in accordance with the Federal Rules of Civil Procedure and pertinent local rules.
   d. The parties request a discovery cut-off date of December 28, 2007.

9. **Class action**:
   a. This case is not a class action.

10. **Related cases**:
    a. The parties do not believe that there are any related cases pending before any court at this time.

11. **Relief**:
    a. Petitioner requests that this Court issue a declaratory judgment that he is a United States citizen, and grant him reasonable costs and attorneys fees.
    b. Respondent requests that this Court issue a declaratory judgment that Petitioner is not a United States citizen.

12. **Settlement and ADR**:
    a. Parties have been unable to settle this case to date. They will promptly inform the Court if either party wishes to settle or pursue ADR.

13. **Consent to Magistrate Judge for All Purposes**:
    a. One of the parties does not consent to proceed before a magistrate.

14. **Other references**:

a. This case is not suitable for other references.

15. **Narrowing of issues**:

    a. The parties do not believe that this case requires additional narrowing of issues.

16. **Expedited schedule**:

    a. The parties do not believe that this case presents any special factors, warranting handling on an expedited basis and streamlined procedures.

17. **Scheduling**: The parties propose the following dates for the following actions:

    a. Discovery cut-off: December 28, 2007

    b. Pre-trial conference: April 15, 2008

    c. Trial: April 22-24, 2008

18. **Trial**:

    a. The case will be tried before a judge.

    b. The parties expect that the trial will take 3 days.

19. **Disclosure of non-party interested entities of persons**:

    a. Petitioner filed his "Certification of Interested Entities or Persons" on September 25, 2007, in which he certified that, other than the named parties, there is no other party that has a financial or non-financial interest in this proceeding.

20. **The parties presently believe there are no other matters that may facilitate a just, speedy, and inexpensive disposition o f this matter. Should such a matter arise, they will promptly inform the Court**.

Dated: September 25, 2007         ____/s/_____
                                  ILA C. DEISS
                                  Attorney for Respondent

Dated: September 25, 2007         ____/s/_____
                                  ZACHARY NIGHTINGALE
                                  Attorney for Petitioner

## CASE MANAGEMENT ORDER

The Joint Status Report and Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated:_____          _____

                                        Charles E. Breyer.
                                        United States District Judge