IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**GUIDELINES FOR TRIAL AND FINAL PRETRIAL CONFERENCE**
**IN CIVIL BENCH CASES**
**BEFORE THE HONORABLE CHARLES R. BREYER**
**FINAL PRETRIAL CONFERENCE**

1. Please do not prepare a joint pretrial conference statement. Nor should counsel invest time on deposition designations or extracts from interrogatories or requests for admissions at the pretrial conference stage. Instead, please file SEVEN calendar days in advance of the final pretrial conference the following:

(a) In lieu of preparing a joint pretrial conference statement, the parties shall meet and confer and prepare a joint proposed final pretrial order that contains: (i) a brief description of the substance of claims and defenses which remain to be decided, (ii) a statement of all relief sought, (iii) all stipulated facts, (iv) a list of all factual issues which remain to be tried, (v) a joint exhibit list in numerical order, including a brief description of the exhibit, a column for when it is offered in evidence, a column for when it is received in evidence, and a column for any limitations on its use, and (vi) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will give. If non-cumulative testimony is not spelled out, then the Court will presume the witness is cumulative. For each witness, state an hour/minute time estimate for the direct examination (only). Items (v) and (vi) should be appendices to the proposed order. The objective is to convert the proposed order to a final order with the benefit of any discussion at the final pretrial conference.

(b) Each side's proposed findings of fact and conclusions of law.

(c) Each side's trial brief.

(d) Any motion *in limine*, with the opposition, filed as follows: At least TWENTY calendar days before the conference, serve, but do not file, the moving papers. At least TEN calendar days before the conference, serve the oppositions. When the oppositions are received, the moving party should collate the motion and the opposition together, back to back, and then file the paired sets at least SEVEN calendar days before the conference. Each motion should be presented in a separate memo and numbered, as in, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ." **Please** be sure to three hole punch the chambers copies so they can go into a trial notebook. For bench trials, motions *in limine* are rarely needed or useful.

2. The joint proposed final pretrial order and the proposed findings of fact and conclusions of law shall be submitted on a 3-3/4-inch disk in WordPerfect 8.0 format, as well as in hard copies. All hard-copy submissions should be three-hole punched on the left, so the chambers' copy can be put in binders.

3. At the final pretrial conference, the above submissions shall be considered and argued. The parties must take notes on rulings and submit a joint summary of all rulings in proposed order format.

**PRETRIAL ARRANGEMENTS**

4. Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Robert Stuart, Supervisor of the Court Reporting Services, at (415) 522-2079, at least ten calendar days prior to the trial date.

5. During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models or specimens of devices. If monitor screens are used, there should be a single large screen (not multiple small screens) viewable by the Court, the witness and most counsel. It should be large and bright enough to be seen from a distance. If counsel cannot conveniently see the screen, then counsel may have a small monitor at counsel table. If both overhead projector and video equipment are to be used, then a single projection screen is best, thus requiring a projection-type video rather than a large monitor. If video equipment is used, equipment capable of instantly accessing the relevant portions of transcripts and graphics should be used (rather than, for example, raw video tapes made at depositions which take time to forward or to rewind). Equipment should be

shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, either know how to fix it or have a technician handy at all times. For overhead projectors, have a spare bulb. Tape extension cords to the carpet for safety. Please take down and store the equipment (in the courtroom) at the end of each court day. Please work with Barbara Espinoza (415-522-2062) on courtroom-layout issues.

## SCHEDULING

6. The normal trial schedule will be 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks and ending before lunch. For bench trials, counsel must arrive by 8:15 a.m., or earlier as needed for any matters to be heard before the evidence begins. If an afternoon trial schedule is scheduled, it will run from 2:00 p.m. to 5:30 p.m. (or slightly longer) with two fifteen-minute breaks. The trial week is Monday through Thursday except for any Wednesday afternoon and all federal court holidays.

## OPENING STATEMENTS

7. If openings are permitted, each side will have a predetermined time limit for its opening statement. Counsel must cooperate and meet and confer to exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions.

## WITNESSES

8. Throughout the trial, all counsel are entitled to know a firm order of witnesses for the next two full court days and the exhibits that will be used on direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). This requires that the first such notice be provided before trial actually begins. All such notice should be provided in writing.

9. Always have your next witness ready and in the courthouse. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting. If counsel plans to read in a transcript of a deposition anyway, it is advisable to have a deposition

3

prepared and vetted early on to read just in case.

10. A witness or exhibit not listed in the joint pretrial statement may not be used without good cause. This rule does not apply to rebuttal witnesses (other than experts).

11. When there are multiple parties, counsel are responsible for coordination of the cross-examination to avoid duplication.

12. Stand at or near the podium to ask questions, straying only to point out material on charts or overheads. Please request permission to approach the witness or the bench.

13. On the first day of trial, be sure to bring the original and clean copies of any deposition(s) for which you are responsible. Any corrections must be readily available. If you are likely to need to use the deposition during a witness examination, then give the Court and the witness a copy with any corrections at the outset of the examination.

14. In lieu of direct testimony, the Court will consider receiving "prepared direct" testimony in the form of declarations. When the witness is presented, the proponent must verbally summarize the direct. Live cross-examination and redirect shall then occur.

**DEPOSITION DESIGNATION**

15. The following procedure applies only to witnesses who appear by deposition. It does not apply to live witnesses whose depositions are read in while they are on the stand. To save time and avoid unnecessary work, it is not necessary to make all deposition designations before trial. Instead, the following steps should be followed.

(a) To designate deposition testimony, photocopy the cover page, the page where the witness is sworn, and then each page from which any testimony is proffered. Line through or x-out any portions of such pages not proffered. Also, line through objections or colloquy unless they are needed to understand the question. Please make sure any corrections are interlineated and that references to exhibit numbers are conformed to the trial numbers. Such interlineations should be done by hand. The finished packet should then be the actual script and should smoothly present the identification and swearing of the witness and testimony desired. The packet should be provided to all other parties at least five calendar days before it will be used in court. For the rare case of voluminous designations, more lead time will be required. Please be reasonable.

4

1    (b) All other parties must then promptly review the packet and highlight in yellow any
2 passages objected to and write in the margin the legal basis for the objections. If any completeness
3 objection is made, the objecting party must insert into the packet the additional passages as needed
4 to cure the completeness objection. A completeness objection should normally be made only if a few
5 extra lines will cure the problem. Such additions shall be highlighted in blue and an explanation for
6 the inclusion shall be legibly handwritten in the margin. Please line out or x-out any irrelevant
7 portions of the additional pages.

8    (c) The packets, as adjusted, must then be returned to the proffering party, who must then
9 decide the extent to which to accept the adjustments. The parties must meet and confer as
10 reasonable. Counsel forth proffering party must collate and assemble a final packet that covers the
11 proffer and all remaining issues. At least two calendar days before the proffer will be used, the
12 proponent must provide the Court with the final packet, with any objected-to portions highlighted
13 and annotated as described above. If exhibits are needed to resolve the objections, include copies
14 and highlight and tag the relevant passages. Alert the Court on the record that the packet is being
15 provided and whether any rulings are needed. If so, the Court will then read the packet and indicate
16 its rulings in the margin in a distinctive manner. Ordinarily, argument will not be needed.

17    (d) Counter designations must be made by providing a packet with the counter-designated
18 passages to the proponent at the same time any objections to the original proffer are returned to the
19 first proffering party, who must then supply its objections in the same manner.

20    (e) When the packet is read in court, the examiner reads the questions (and any relevant
21 colloquy) from the lectern and a colleague sits in the witness stand and reads the answers. When a
22 video-taped deposition is to be played instead, the packets must still be prepared, as above, in order
23 to facilitate rulings on objections. The video should omit any dead time, long pauses, and
24 objections/colloquy not necessary to understand the answers. The Court may decide, instead, to take
25 the designations under submission and simply read them.

### REQUESTS FOR ADMISSIONS AND INTERROGATORIES

27    16. Please designate responses to requests for admissions and interrogatory answers in the
28 same manner and under the same timetable as depositions.

5

**EXHIBITS**

17. Prior to the final pretrial conference, counsel must meet and confer in person over all exhibit numbers and objections and to weed out duplicate exhibits. Please be reasonable.

18. Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendant should not re-mark it. Different versions of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit." If an exhibit number differs from that used in a deposition transcript, however, then the latter must be conformed to the new trial number if and when the deposition testimony is used (so as to avoid confusion over exhibit numbers).

19. The exhibit tag shall be in the following form:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**TRIAL EXHIBIT 100**

CASE NO. _____

DATE ENTERED_____

BY _____

DEPUTY CLERK

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying) but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. Deposit your exhibits with the deputy clerk (Barbara Espinoza) on the first day of trial. The tags can be adhesive or stapled on.

20. Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are

6

1  any differences, counsel should bring them promptly to the Court's attention.

2      21. In addition to the record copies of exhibits, one or more bench binders containing a copy
3  of each side's exhibits must be provided to the Court on the first day of trial. Each exhibit must be
4  separated with a label divider (an exhibit tag is unnecessary for the bench set). Please use 1-1/2-inch
5  binders with locking rings. (Heavier binders are too hard to handle.)

6      22. At the close of evidence, counsel shall jointly provide a revised list of all exhibits
7  actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative
8  description (*e.g.*, letter from A. B. Case to D. E. Frank, dated August 17,1999).

## OBJECTIONS

10      23. Counsel shall stand when making objections. State the legal basis only. Speak up
11  promptly.

12      24. There can only be one lawyer per witness per party for all purposes, including objections.

## TIME LIMITS

14      25. Ordinarily, the Court shall set fixed time limits at the final pretrial conference. All of
15  your examination time (whether direct, cross, re-direct or re-cross) for all witnesses must fit within
16  your time limit and you may allocate it as you wish. Opening and closing time limits shall be
17  separately considered. Counsel must keep track of everyone's usage. At the end of each day, counsel
18  must confer over the time used and the time remaining for all parties and advise the Court daily. The
19  Court will also try to keep track.

## SETTLEMENTS AND CONTINUANCES

21      26. Shortly before trial or a final pretrial conference, counsel occasionally wish jointly to
22  advise the clerk that a settlement has been reached and seek to take the setting off calendar but it
23  turns out later that there was only a settlement "in principle" and disputes remain. Cases, however,
24  cannot be taken off calendar in this manner. Unless and until a stipulated dismissal or judgment is
25  filed or placed on the record, all parties must be prepared to proceed with the final pretrial
26  conference as scheduled and to proceed to trial on the trial date, on pain of dismissal of the case for
27  lack of prosecution or default judgment. Only an advance continuance expressly approved by the
28  Court will release counsel and the parties from their obligation to proceed. If counsel expect that a

7

settlement will be final by the time of trial or the final pretrial conference, they should notify the Court immediately in writing or, if it occurs over the weekend before the trial or conference, by voice mail to the deputy courtroom clerk. The Court will attempt to confer with counsel as promptly as circumstances permit to determine if a continuance will be in order. Pending such a conference, however, counsel must prepare and make all filings and be prepared to proceed with the trial.

### CHANGE OF TRIAL DATE

27. Because of scheduling conflicts with other cases on the docket, the Court retains the discretion to change the trial date, either by way of ADVANCEMENT or continuance. In the event the trial date is changed, the parties may seek adjustment of the time limits for compliance with the requirements of this order, which shall be effective only upon Court approval.

**IT IS SO ORDERED.**

Dated: October 5, 2007

CHARLES R. BREYER,
UNITED STATES DISTRICT JUDGE