1  JOSEPH P. RUSSONIELLO, CSBN 44332
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   ILA C. DEISS, NYSBN 3052909
4  Assistant United States Attorney

5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
6     Telephone: (415) 436-7124
      FAX: (415) 436-7169
7
   BYRON SUN
8  Law Clerk

9  Attorneys for Respondent

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  PRESTON MAGIYA,                     )
                                        )   Case No. C 07-2945 CRB
14              Petitioner,             )
                                        )
15                                      )   **RESPONDENT'S NOTICE AND**
         v.                             )   **MOTION FOR SUMMARY**
16                                      )   **JUDGMENT; AND MEMORANDUM**
    MICHAEL B. MUKASEY, Attorney General )   **OF POINT AND AUTHORITIES**
17  of the United States of America,    )
                                        )   Hearing:  May 9, 2008
18              Respondent.             )   Date:     10:00 a.m.
    ────────────────────────────────────)
19

20       **PLEASE TAKE NOTICE** that on May 9, 2008, at 10:00 a.m., or as soon thereafter as the

21  parties may be heard, Respondent Michael B. Mukasey, Attorney General of the United States of

22  America will bring for hearing a motion for summary judgment pursuant to Rule 56 of the Federal

23  Rules of Civil Procedure on the ground that there is no issue of genuine material fact.  The hearing

24  will take place before the Honorable Charles R. Breyer, in Courtroom 8, 450 Golden Gate Avenue,

25  San Francisco, CA 94102.

26       This Motion is based on the Memorandum of Points and Authorities and Declaration of Ila C.

27  Deiss, attached hereto, all pleadings, papers and files in this action, and such oral argument as may

28  be presented at the hearing on the motion.

1 | Dated: April 4, 2008                                Respectfully submitted,

2 |                                                     JOSEPH P. RUSSONIELLO
3 |                                                     United States Attorney

4 |                                                     JOANN M. SWANSON
  |                                                     Assistant United States Attorney
5 |                                                     Chief,  Civil Division

6 |
7 |                                                     _____/s/_____
  |                                                     ILA C. DEISS
8 |                                                     Assistant United States Attorney
  |                                                     Attorneys for Respondent

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## OVERVIEW

3     After nearly twenty years' of immigration proceedings, the Ninth Circuit Court of Appeals,

4 in review of the appeal of Petitioner, Preston Magiya, a/k/a Preston Ochuko Magiya, A/k/a Preston

5 Ogheneochuko Magiya, a/k/a Preston Ogheneochuko Hudson, a/k/a Preston Chucks Magiya,

6 Preston Amagiya, a/k/a Don Prestone, a/k/a Don Owen, a/k/a Preston Hudson, a/k/a Preston

7 Hudson-Amagiya ("Petitioner") from his final administrative order of removal from the United

8 States, has transferred the matter to this Court pursuant to 8 U.S.C. § 1252(b)(5)(B) for an

9 evidentiary hearing regarding Petitioner's claim to United States citizenship.  See Declaration of

10 Ila C. Deiss ("Deiss Decl."), Exhibit ("Exh.") 1.

11     The appeal from the Board of Immigration Appeals' ("BIA") December 16, 2004 Order

12 directing Petitioner's removal from the United States is stayed pending the outcome of this case.

13 See Magiya v. Mukasey, Petition for Review No. 05-70297.  Petitioner lives outside this district

14 and Respondent asks that this case be transferred, pursuant to the statute, to the United States

15 District Court for the Central District of California.  In the alternative, Respondent herein moves

16 for summary judgment because Petitioner cannot establish that he is a United States citizen by

17 virtue of being born here.  Petitioner's claim of United States citizenship should be denied and the

18 matter transferred back to the Ninth Circuit Court of Appeals.

19

## ISSUES PRESENTED

20 1.  Whether this Court should transfer the matter to the Central District of California pursuant to 8

21     U.S.C. § 1252(b)(5)(B), the judicial district in which Petitioner resides?

22 2.  Whether Petitioner is able to establish his United States citizenship under 8 U.S.C. § 1401(a),

23     Section 301(a) of the Immigration and Nationality Act ("INA"), where he cannot prove that he

24     was born in the United States because the two delayed birth registrations[1] he has provided have

25     been declared invalid by the State of California; he has produced no other corroborating

26     evidence and no evidence of his presence in the United States prior to 1985, much less his birth

27     in the United States; he has neither produced the affiants on the delayed birth registrations, nor

28

---

[1]Petitioner registered his own birth nearly 20 years after his alleged birth date.

3

his biological parents; and he relies entirely on his own testimony, which the immigration

courts have found to be not credible and worth little evidentiary weight, if any?

### BACKGROUND

**A. Immigration Proceedings**

In April 1988, Petitioner came to the attention of the former Immigration and Naturalization

Service ("INS")[2] after being convicted of possession of bad checks relating to the theft of moneys

from Merrill Lynch Realty with Jacob Orhorhaghe, a native and citizen of Nigeria, in violation of

California Penal Code § 475(a). Deiss Decl., Exh. 2. The INS issued an Order to Show Cause

("OSC"), charging Petitioner as being deportable under the Immigration and Nationality Act

("INA") § 241(a)(2) (1988), 8 U.S.C. § 1231(a)(2), for overstaying a non-immigrant visa and INA

§ 241(a)(9) (1988), 8 U.S.C. § 1231 (a)(9), for violating conditions of non-immigrant status. Id.

The INS charged Petitioner as being a native and citizen of the United Kingdom ("U.K."), who

was admitted to the United States ("U.S.") at Newark, New Jersey, on or about January 14, 1985,

as a non-immigrant visitor, using a UK passport in the name Preston Hudson. Id. Further, the

OSC alleged that Petitioner violated conditions of his status by being incarcerated in the San

Francisco County Jail from February until April 1988, as a result of his March 1988 conviction.

Id.

The Form I-213, Record of Deportable Alien, filed the same day, charged Petitioner with being

born on November 5, 1964 and being a native and citizen of the U.K. Deiss Decl., Exh. 3. The

Form I-213 refers to a fingerprint examination report dated April 1988 that establishes that a

Preston Amagiya and a Preston Hudson were the same person. Id.

In May, 1988, Petitioner appeared before an immigration judge ("IJ"), denied all factual

allegations in the OSC, and asserted United States citizenship by presenting a Delayed

Registration of Birth that he had applied for and received in 1986, more than twenty years after his

---

[2]On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the newly formed Department of Homeland Security ("DHS").

1  birth date. Deiss Decl., Exh. 4.[3]  The IJ found that Petitioner had presented a California birth

2  certificate that had not been declared invalid or fraudulent by the State of California and

3  terminated the proceedings without prejudice. Id.

4      The INS appealed that decision to the BIA, who determined that the IJ had improperly

5  excluded the government's evidence, vacated the decision and remanded to the IJ for a full hearing

6  on the issue of alienage. Deiss Decl., Exh. 6.

7      In 1998, Petitioner appeared before another IJ and the INS amended the OSC to allege that

8  Petitioner is a native of the U.K. or an unknown country which is not the United States, as the INS

9  had acquired information suggesting Petitioner may be a native of Nigeria and citizen of the U.K.

10  Deiss Decl., Exh. 7. Petitioner denied the allegations in the amended OSC and in July 1998, the IJ

11  rendered an oral decision, finding that the government had established deportability "by clear,

12  convincing and unequivocal evidence . . ." Deiss Decl., Exh. 8. The IJ recognized that the burden

13  was on the Government to show alienage and found that the Government "has shown that

14  [Petitioner's] specific claim to birth in Richmond, California is not substantiated by any or known

15  record." Id.

16      The IJ also found that Petitioner's personal testimony was "replete with retractions, with

17  equivocations, lack of memory, lack of detail, and statements that are both implausible and not

18  credible in the Court's view." Id.  The IJ noted that Petitioner had originally testified that he did

19  not know where his mother was, but later testified that she had just visited him from the U.K. Id.

20  The IJ found that aspects of Petitioner's testimony were "not plausible in the course of ordinary

21  experience." Id.  Petitioner, at the last minute, asked that his country of removal be Canada and

22  the IJ directed him removed to the UK, in the alternative Canada, or to any other country the INS

23  saw fit to designate. Id.  The decision was administratively appealed by Petitioner and the BIA

24  remanded the case with an order to prepare a written decision. Deiss Decl., Exh. 9.

25

26      [3]Petitioner's application for the Delayed Registration of Birth was supported by a Crocker
    Bank record and listed "Ira Lee Berry" and "Laura Kenny," respectively and uncle and cousin, as

27  affiants who attested to having personal knowledge of his birth. Deiss Decl., Exh. 5. The
    Delayed Registration of Birth was issued by the California Department of Health Services, Office

28  of Vital Records in the name of "Preston Chucks Magiya" indicating that he was born in
    Richmond, California, in August 1963. Id.

1       On July 15, 2003, another IJ reviewed the entire record of proceedings and issued a written

2   decision finding Petitioner's deportability was established by clear, convincing and unequivocal

3   evidence as alleged and charged in the OSC and amended order.  Deiss Decl., Exh. 10.  The IJ

4   found the INS met its burden of establishing a prima facie case of Petitioner's alienage and

5   deportability.  Id.  The IJ found Petitioner's testimony to be not credible and rejected Petitioner's

6   two Delayed Registrations of Birth as evidence probative of Petitioner's citizenship.[4]  Id.  Further,

7   the IJ found that Petitioner's claim of birth in Richmond, California, "was unsubstantiated by any

8   known record" and that the Petitioner "offered no documentary evidence to corroborate his

9   testimony that he was born in Richmond, California."  Id.  Accordingly, the IJ ordered Petitioner

10  to be removed to the U.K., in the alternative to Canada if Petitioner was able to establish he had a

11  right to be admitted there, and in the alternative to any other country to which Petitioner "can

12  establish ties or his last exit therefrom."  Id.

13      On December 16, 2004, the BIA adopted and affirmed IJ's decision ordering Petitioner's

14  removal.  Deiss Decl., Exh. 11.  The BIA held that the evidence admitted into record, in addition

15  to the adverse credibility finding, sufficiently supported the IJ's determination that the Department

16  of Homeland Security, formerly INS, met its burden of proof establishing Petitioner's alienage and

17  deportability.  Id..  The merits of that decision is being properly challenged by Petitioner in the

18  appeal before the Ninth Circuit and is not the subject these proceedings.

19  **B. Petitioner's Evidence**

20      Petitioner does not intend to present any witnesses at trial and intends to rely on his own

21  testimony to establish his citizenship.  Deiss Decl., Exh. 12.  As documentary proof of his birth in

22  the United States, Petitioner intends to present the 1986 Delayed Registration of Birth.  Id.    The

23  Chief of Vital Records for the State of California sealed this registration in May 1988.  Deiss

24  Decl., Exh. 5, ¶ 11.

26      [4]Petitioner applied for and was able to obtain a second Delayed Registration of Birth
27  certificate in 1991.  Deiss Decl., Exh. 5, ¶ 14.  Petitioner received this certificate by providing a
social security card and listing Harlims Omene, an uncle, as having personal knowledge of
28  Petitioner since birth.  Id.

6

# LEGAL STANDARDS

## A. Summary Judgment

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines "which facts are material." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 325. The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

With respect to the sufficiency of the nonmoving party's evidence, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co., 475 U.S. at 586.

///

**B.  Section 242(b)(5) of the INA, 8 U.S.C. § 1252(b)(5)**

Section 242(b)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b)(5), is the exclusive means of determining United States citizenship for aliens in removal proceedings.  See Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002) (holding that under INA § 242(b)(5), a claim of U.S. nationality must be brought in the circuit court).  That provision provides as follows:

> If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

INA § 242(b)(5)(A), 8 U.S.C. § 1252(b)(5)(A).  Accordingly, claims of citizenship must be brought as a petition for review of a final order of removal.  Taniguchi, 303 F.3d at 955.  If the court of appeals finds that a genuine issue of material fact regarding the petitioner's nationality is presented, the statute provides for the transfer to the district court for an evidentiary hearing.  Section 1252(b)(5)(B) provides:

> If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim as if an action had been brought in the district court under section 2201 of Title 28 [the provision for declaratory judgment].

INA § 242(b)(5)(B), 8 U.S.C. § 1252(b)(5)(B).

A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. 28 U.S.C.A. § 2201 .

## ARGUMENT

**A.  This Matter Belongs in the Central District of California**

8 U.S.C. § 1252(b)(5)(B) provides, in relevant parts, that "the court shall transfer the proceeding to the district court of the United States for *the judicial district in which the petitioner resides* for a new hearing on the nationality claim." (Emphasis added).[5]

---

[5]Perhaps an oversight, the Ninth Circuit Order transferring the case to this district omitted the portion of the statute with this residency provision.  Deiss Decl., Exh. 1.

1  Petitioner has resided at 132 Greenhedge Lane, Pomona, California since 1995.  Therefore, this

2  action should be transferred to the Central District Court of California, where the Petitioner

3  resides.

4  **B.  At this Stage, Petitioner has the Initial Burden of Proof**

5  This matter was transferred from the Ninth Circuit for a hearing on Petitioner's nationality

6  claim.  <u>See</u> 8 U.S.C. § 1252(b)(5)(B).  At this stage, Petitioner has the initial burden of proof.

7  "A petitioner in a declaratory judgment action in the district court to determine citizenship

8  (bears) the initial burden of proving citizenship by a preponderance of the evidence."  <u>Sanchez</u>

9  <u>Martinez v. INS</u>, 714 F.2d 72, 74 (9th Cir. 1983) (<u>quoting</u> <u>Yee Tung Gay v. Rusk</u>, 290 F.2d 630,

10  631 (9th Cir. 1961)).  Petitioner is asking this Court to declare that he is a United States citizen by

11  virtue of being born in Richmond, California.

12  In deportation proceedings, the INS has the burden of establishing the facts supporting

13  deportability by "clear, unequivocal, and convincing evidence."  <u>Woodby v. INS</u>, 385 U.S. 276,

14  277 (1966); <u>see also Murphy v. INS</u>, 54 F.3d 605, 608 (9th Cir. 1995).  Evidence of foreign birth,

15  however, gives rise to a rebuttable presumption of alienage, and the burden then shifts to the

16  petitioner to prove citizenship.  <u>See</u> <u>Corona-Palomera v. INS</u>, 661 F.2d 814, 818 (9th Cir. 1981);

17  <u>see also</u> <u>Matter of Leyva</u>, 16 I. & N. Dec. 118, 119 (BIA 1977).  Here, Petitioner has presented a

18  Delayed Registration of Birth to prove he was born in the United States; the INS provided

19  evidence that the birth registration was based on fraudulent evidence and is not valid; the INS also

20  provided evidence that Petitioner came to the United States in 1985 on a U.K. passport.  Deiss

21  Decl. Exh. 11, 12.  The INS is not required to prove that Petitioner is born in a specific foreign

22  country, only alienage and deportability.  <u>Chau v. U.S. Dept. of Homeland Sec.</u>,424 F. Supp.2d

23  1159 (D. Ariz. 2006).

24  In any event, here, the Ninth Circuit Court of Appeals has ordered a transfer of proceedings "as

25  if an action had been brought in the district court" in the form of a declaratory judgment action.  8

26  U.S.C. § 1252(b)(5)(B).  Therefore, in this declaratory judgment action, the Petitioner bears the

27  initial burden of proving his citizenship by a preponderance of the evidence in order for the Court

28

1    to declare him a United States citizen.[6]

2    **C.  Even Viewing the Evidence Most Favorable to Petitioner, He is Not Able to Establish**
     **That he is a United States Citizen by Virtue of Birth in the United States**

3

4    The Court now engages in a de novo review to determine whether Petitioner is able to establish

5    United States citizenship pursuant to INA § 301(a), 8 U.S.C. § 1401(a), by virtue of being born

6    here by the required preponderance of the evidence.  Chau, 424 F. Supp.2d at 1163 (citing

7    Sanchez-Martinez, 714 F.2d at 74 n. 1).

8    "There are two sources of citizenship, and two only: birth and naturalization."  Miller v.

9    Albright, 523 U.S. 420, 423-24 (1998).  In particular, INA § 301(a), 8 U.S.C. § 1401(a) provides

10   that "a person born in the United States" shall be a national and citizen of the United States at

11   birth.  8 U.S.C. § 1401(a).

12   Here, therefore, to prove United States citizenship under § 301, Petitioner must establish by a

13   preponderance of the evidence that he was born in the United States.  Chau, 424 F. Supp. 2d at

14   1163.  Petitioner intends to rely solely on his own testimony at trial.  Deiss Decl., Exh. 12.  The

15   immigration courts have found that that testimony was "not been credible in terms of matters that

16   go to the heart of his claim, i.e., his birth in the United States" and "replete with retractions, with

17   equivocations, lack of memory, lack of detail, and statements that are both implausible and not

18   credible in the Court's view."  Deiss Decl., Exh. 8.  Petitioner's testimony alone is uncorroborated,

19   lacks credibility, and is not sufficient to meet his burden of proving United States citizenship.

20   Further, Petitioner has produced neither his biological parents, the three affiants on his two

21   delayed birth certificates, nor anyone else to corroborate his claims.

22   Pursuant to 8 C.F.R. § 301.1 (1997), a person residing in the United States who desires to be

23   documented as a United States citizen may apply for a United States passport or may submit an

24   application for Certificate of Citizenship, Form N-600.  Such applications "must be accompanied

25

26   ⁶Were the government to bear the burden of proving by clear and convincing evidence at
     this stage that Petitioner is not a United States citizen, the instant case would resemble a

27   denaturalization proceeding.  In such a proceeding, the government bears the burden by clear and
     convincing evidence.  See Fedorenko v. United States, 449 U.S. 490, 505 (1981).  This analogy

28   to a denaturalization proceeding is unwarranted because Petitioner has not established the
     preliminary fact that he is a United States citizen.

1  by supporting documentary and other evidence essential to establish the claimed citizenship, such

2  as birth, marriage, death, and divorce certificates." Id.  Therefore, if Petitioner administratively

3  wanted a declaration of citizenship he would have to present a relevant, valid certified document.

4        Here, Petitioner's only documentary proof of citizenship by birth is a sealed 1986 Delayed

5  Registration of Birth.  Deiss Decl., Exh. 12.  However, Petitioner's sealed Delayed Registration of

6  Birth is not legally valid to prove United States citizenship by birth.  Deiss Decl., Exh. 5, ¶ 12.  A

7  "sealed" Delayed Registration of Birth is invalid for identification purposes.  Id., ¶ 8.  Thus,

8  Petitioner's documentary evidence is insufficient to establish his citizenship by virtue of being

9  born in the United States.

10       Petitioner cannot establish that he is a United States citizen, even viewing all of the record

11 evidence in his favor.  Therefore, Petitioner's nationality claim should be denied and the matter

12 transferred back to the Ninth Circuit Court of Appeals for consideration of Petitioner's final

13 administrative order of removal.

14                                      **CONCLUSION**

15       For the foregoing reasons, the Court should transfer this matter to the Central District of

16 California.  In the alternative, the Court should grant Respondent's motion for summary judgment,

17 enter an order denying Petitioner's nationality claim, and transfer the case back to the Ninth

18 Circuit for further proceedings with respect to the petition for review No. 05-70297.

19

20 Date: April 4, 2008                    Respectfully submitted,

21                                        JOSEPH P. RUSSONIELLO
                                          United States Attorney
22

23                                        _____/s/_____
                                          ILA C. DEISS
24                                        Assistant United States Attorney
                                          Attorneys for Respondent
25

26

27

28