JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NYSBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

BYRON SUN
Law Clerk

Attorneys for Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PRESTON MAGIYA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL B. MUKASEY, Attorney General of the United States of America,<br><br>　　　　　Respondent. | Case No. C 07-2945 CRB<br><br>**RESPONDENT'S REPLY**<br><br>Hearing:　May 9, 2008<br>Date:　　 10:00 a.m. |

## INTRODUCTION

The United States Court of Appeals for the Ninth Circuit has transferred this matter to this Court pursuant to 8 U.S.C. § 1252(b)(5)(B) for an evidentiary hearing regarding Petitioner's claim to United States citizenship. Under the statute, this Court is to conduct the hearing as if Petitioner brought an action seeking a declaratory judgment. *See* 8 U.S.C. § 1252(b)(5)(B); 28 U.S.C. § 2201. The statute also provides that where, as here, a citizenship matter is transferred from the Court of Appeals to the District Court, it shall be remanded to the judicial district in which the petitioner resides. The government has moved for summary judgment on the grounds that Petitioner has not met his burden of proof in order to receive a declaration from this Court that he

is a citizen of the United States of America. The government has also asked this Court to transfer the matter to the United States District Court for the Central District of California because the petitioner resides in Pomona, California. The Petitioner has filed an opposition to the government's motion for summary judgment, and the government hereby files its reply.

## UNCONTESTED FACTS

Although already outlined in the government's motion for summary judgment, there is a long list of uncontested facts. In April 1988, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against Petitioner and issued an Order to Show Cause (OSC) alleging that he was a citizen from the United Kingdom and deportable because of his 1988 conviction for possession of a bad check or money order in violation California Penal Code section 475(a) and for overstaying a non-immigrant visa. Petitioner responded that he was a citizen of the United States and provided a delayed registration of birth issued more than twenty years after his birth. In May 1988, the Immigration Judge ("IJ") terminated deportation proceedings, finding that the INS had failed to establish that Petitioner was an alien. The INS appealed the IJ's decision to the Board of Immigration Appeals ("Board").

In August 1992, the Board remanded the case back to the IJ for a hearing on the issue of Petitioner's alienage. Between 1988, when the IJ terminated deportation proceedings and 1992, when the Board remanded the case back to the IJ, Petitioner failed to seize upon this reprieve to obtain a U.S. passport or any other valid and legitimate documentation to establish his U.S. citizenship status. Rather, Petitioner obtained a second delayed registration of birth in 1991, by providing a social security card and listing Harlims Omene, an uncle, as having personal knowledge of Petitioner since birth.

In July 1998, the IJ concluded that the government had established that Petitioner was an alien; that Magiya was not a United States citizen and that the government had established this by clear, unequivocal, and convincing evidence as required by the standards dictated by the Supreme Court in *Woodby v. Immigration and Naturalization Service*, 385 U.S. 276 (1966). The IJ found Petitioner's testimony to not be credible and rejected his delayed registrations of birth as evidence probative of Petitioner's citizenship. The IJ further found that Petitioner's claim of birth in

1  Richmond, California was unsubstantiated by any known record.

2  Petitioner appealed the IJ's decision to the Board. In December 2008, the Board affirmed the
3  IJ's decision and ordered Petitioner deported from the United States to the United Kingdom or
4  somewhere the District Director found appropriate.[1] Petitioner filed a petition for review with the
5  Ninth Circuit Court of Appeals. Petitioner argued there, in part, that his delayed registrations of
6  birth rendered him a United States citizen. In March 2007, the Ninth Circuit transferred
7  Petitioner's citizenship claim to this Court pursuant to 8 U.S.C. § 1252(b)(5)(B) for an evidentiary
8  hearing regarding his claim to United States citizenship.

9  Petitioner, by his own admission, has used various combinations of the names Amagiya,
10 Hudson, Preston Chucks Magiya, as well as the middle name Ogheneochuko.  Magiya has
11 admitted using a United Kingdom passport to obtain a California Identification Card. The two
12 delayed birth Certificates Magyia has presented as "proof" of his U.S. citizenship have been
13 sealed. Magiya has produced no witnesses. He has provided no letters. He has not submitted an
14 affidavit from his mother. He has not submitted an affidavit from his uncle who was allegedly
15 present at his birth.

16                                                           **REPLY**

17  **A. This Matter Belongs in the Central District of California Under the Statute**

18  Petitioner contends that venue is proper in this District. *See* Petitioner's Opposition at 7-10.
19 This contention lacks merit. Under 8 U.S.C. § 1252(b)(5)(B), "If [a] petitioner claims to be a
20 national of the United States and the court of appeals finds that a genuine issue of material fact
21 about the petitioner's nationality is presented, the court shall transfer the proceeding to the district
22 court ... for the judicial district in which the petitioner resides for a new hearing on the nationality
23 claim and a decision on that claim as if an action had been brought" under 28 U.S.C. § 2201
24 (authorizing declaratory judgment action). Petitioner resides in Pomona, California, in the judicial
25 district of the Central District of California. The petitioner's reliance on *Pure Oil Company v.*
26 *Suarez*, 384 U.S. 202 (1966), is misplaced because it involved an interpretation of 28 U.S.C. §

27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28     [1]The IJ recognized that while the government had established Petitioner's alienage,
Petitioner's true identity and was still in question.

3

1391(c) (governing where a corporation is deemed to reside for venue purposes).  Moreover, 8 U.S.C. § 1252(b)(5)(B) governs where a remanded citizenship matter shall be heard, not where a civil action may be commenced as was the case in *Pure Oil Company*.  The plain language of 28 U.S.C. § 1252(b)(5)(B) directs that this case be transferred to the Central District of California.

**B. Petitioner has Not Met His Initial Burden of Proof**

Petitioner, apparently ignoring that this matter is before this Court pursuant to 8 U.S.C. § 1252(b)(5)(B), argues that the government bears the burden of proof here.  Petitioner relies on *Woodby v. INS*, 385 U.S. 276, 281 (1961), a case in which the United States Supreme Court established the government's burden of proof in deportation proceedings before the immigration court.  We are not, however, in immigration court.

The Ninth Circuit transferred the matter to this court for a determination on Petitioner's citizenship claim.  In a *de novo* hearing on citizenship under 28 U.S.C. § 2201, petitioner is in the position of a plaintiff seeking a declaratory judgment on his citizenship.  *Sanchez-Martinez v. INS*, 714 F.2d 72, 74 n. 1 (9th Cir. 1983).  Petitioner, therefore, is the moving party affirmatively asking the government to endow him with all advantages of citizenship and "it has been universally accepted that the burden is on petitioner to show his eligibility for citizenship in every respect."  *Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1967); *accord INS v. Pangilianan*, 486 U.S. 875, 886 (1988).  Because a strong and legitimate interest exists in ensuring that only qualified persons are deemed citizens, any doubts should be resolved in favor of the government and against the claimant.  *Berenyi,* 385 U.S. at 637.

Petitioner's reliance on the Supreme Court's decision in *Woodby* for his position that the government bears the burden at this stage to establish that he is not a United States citizen is misplaced.  Whenever a deportation or removal proceeding is instituted against an alien, the government is compelled to establish by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true-including proof of alienage.  *Woodby* at 286.  This high burden is imposed upon the government because of the immediate hardship to deportation proceedings and, because in a deportation proceeding the alien is in the position of a defendant; therefore, it is reasonable that the government should bear the initial burden of proof.  *Id*.  But it

does not follow nor does the Supreme Court's holding in *Woodby* remotely imply that if the government can not establish alienage, the individual has then established U.S. citizenship. In fact, Magiya's suggestion that this is in fact the case is a distortion of the holding in *Woodby*. It is undisputed that the IJ and the BIA have found that the government met its burden by clear, unequivocal and convincing evidence and established during the removal proceedings that Petitioner was is an alien and is deportable. Those findings are before the Ninth Circuit for review.

In general, the burden of proof in a declaratory judgment action is determined by the nature of the relief requested. *See, e.g., Pacific Portland Cement Co. v.Food Machinery and Chemical Corp*, 178 F.2d 541, 546 (9th Cir. 1949). In a nationality case such as this Ninth Circuit has held that an applicant "seeking a declaration of citizenship in the district court is required to make an initial showing of citizenship by a preponderance of the evidence." *Sanchez-Martinez* at 74 n.1; *see also Yee Tung Gay v. Rusk*, 290 F.2d 630, 631 (9th Cir. 1961) (plaintiffs seeking declaration of citizenship had burden of establishing their citizenship by a "fair preponderance of the evidence"). Therefore, the government does not have the initial burden of proof. The Petitioner does, and he has failed to provide any evidence that he is a United States citizen.[2]

**C. Summary Judgment is Appropriate Here**

Petitioner argues that the Ninth Circuit Court of Appeals has already found that this case presents a genuine issue of material fact and therefore must proceed for a *de novo* review hearing. *See* Petitioner's opposition at 18-20. Summary judgment is appropriate here.

As in *Chau v. INS*, 247 F.3d 1026, 1032 (9th Cir. 2001), this case was transferred to a district court from the United States Court of Appeals for the Ninth Circuit for a *de novo* determination of Petitioner's citizenship. This Court has allowed the parties substantial time to develop the factual and legal bases for their positions. In *Chau*, after the matter was transferred to the District Court of Arizona, the Judge reviewed the record as it had developed and found that it was "capable of

---

[2] Notably, although considered by the IJ, the evidence that Petitioner has attached as exhibits to his Opposition, such a letter to the Interpol/INS Liaison from 1988 has not been authenticated and would not be admissible at trial. *See* Rules of Evidence 901.

reaching a legal decision on the Record before it," without an evidentiary hearing and granted Respondent's motion for summary judgment. *See Chau v. U.S. Dept. of Homeland Sec.*, 424 F.Supp.2d 1159 (D.Ariz. 2006). The district court in *Chau* found that "[a]fter having provided both sides ample opportunity to marshal evidence and brief the law, the Court finds that, as a matter of law, Chau has "fail[ed] to make a showing sufficient to establish the existence of an element essential to [his] case" because he has not provided (1) sufficient evidence that his father is a U.S. citizen and (2) any evidence to establish INA § 301's physical presence requirement" and "because the Court finds that Chau has failed to provide facts sufficient to entitle him to relief as a matter of law, the Court will grant [the government's] Motion for Summary Judgment." *Chau*, 424 F. Supp. 2d at 1167. Similarly here, this matter was transferred from the Ninth Circuit Court of Appeals for a *de novo* determination of whether Petitioner should be declared a United States citizen under 8 U.S.C. § 1252(b)(5)(B). Petitioner has not presented sufficient evidence to entitle him to declaratory relief as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court should transfer this matter to the Central District of California. In the alternative, the Court should grant the government's motion for summary judgment, enter an order denying Petitioner's nationality claim, and transfer the case back to the Ninth Circuit for further proceedings with respect to the petition for review No. 05-70297.

Date: April 25, 2008                                        Respectfully submitted,

                                                            JOSEPH P. RUSSONIELLO
                                                            United States Attorney


                                                            _____/s/_____
                                                            ILA C. DEISS
                                                            Assistant United States Attorney
                                                            Attorneys for Respondent