United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PRESTON MAGIYA,

        Petitioner,

  v.

ALBERTO R. GONZALES,

        Respondent.
_____/

No. C 07-02945 CRB

**ORDER OF TRANSFER**

     Now pending before the Court is Respondent's motion for summary judgment.  After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and TRANSFERS this action to the United States District Court for the Central District of California.

     Petitioner Preston Magiya filed a petition with the Ninth Circuit Court of Appeals for review of the Board of Immigration Appeals' dismissal of Magiya's appeal of an immigration judge's order denying Magiya's application to terminate deportation proceedings.  In support of his petition Magiya asserted that he is a native and citizen of the United States.  The Ninth Circuit concluded that there is a genuine issue of material fact as to Magiya's citizenship and--pursuant to 8 U.S.C. section 1252(b)(5)(B)--transferred the proceeding to "the district court" for a de novo hearing on Magiya's citizenship claim.  The Order did not specify to which district court the proceeding should be transferred; however,

**United States District Court**
For the Northern District of California

1   the Clerk of the Ninth Circuit transferred the proceeding to the United States District Court

2   for the Northern District of California, the District where the removal proceedings occurred.

3           The transfer statute upon which the Ninth Circuit relied provides:

4           If the petitioner claims to be a national of the United States and the court of
            appeals finds that a genuine issue of material fact about the petitioner's
5           nationality is presented, *the court shall transfer the proceeding to the district
            court of the United States for the judicial district in which the petitioner resides*
6           for a new hearing on the nationality claim and a decision on that claim as if an
            action had been brought in the district court under section 2201 of Title 28.
7
8   8 U.S.C. § 1252(b)(5)(B) (emphasis added).  Congress has decided that the judicial district in

9   which the petitioner resides is the district that shall conduct the de novo citizenship

10  proceeding.  See Chau v. INS, 247 F.3d 1026, 1032 (9th Cir. 2001).  It is undisputed that

11  petitioner resides in the Central District of California.

12          The Ninth Circuit nonetheless transferred the proceeding to this district.  The transfer

13  appears to have been an error as there is no indication that the court made a deliberate

14  decision to transfer to the Northern District.  The court's order, and the parties' supplemental

15  briefs on whether to transfer, all refer to transfer to "the district court" without identifying a

16  particular district court.  As the statute plainly and unambiguously provides that the de novo

17  proceeding shall be conducted in the district where the petitioner resides, this proceeding

18  must be transferred to the Central District of California.

19          Petitioner's reliance on Leal v. Gonzales, 495 F.Supp.2d 180 (D. Mass. 2007) is

20  unpersuasive.  In that case the petitioner had already been deported by the time the Third

21  Circuit decided to transfer the proceeding pursuant to section 1252(b)(5)(B); thus, the

22  petitioner did not reside in any district in the United States.  The Leal court held that there

23  would be "serious constitutional questions" if the government could avoid a citizenship

24  proceeding by deporting the petitioner before a court of appeals had the opportunity to

25  determine if transfer was warranted.  Id. at 182-183.

26          There is no such concern here.  Petitioner is not in custody and resides in a district

27  within this State.  That his attorneys are located in this district is not a sufficient reason to

28  ignore the plain language of the statute.  While transferring the proceeding at this date will

    cause further delay, and while the government should have raised the issue earlier, ignoring

the statute's language will merely create a collateral issue that could further delay resolution of this matter.  The Court declines to do so.

Accordingly, this proceeding is TRANSFERRED to the United States District Court for the Central District of California.

**IT IS SO ORDERED.**

Dated: May 5, 2008

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28